1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AT&T MOBILITY LLC,

     Plaintiff,

  v.

LESLIE BERNARDI, et al.,

     Defendants.

_____/

No. C 11-03992 CRB

**ORDER STAYING ARBITRATION**

AT&T Mobility LLC ("AT&T"), filed a Complaint and request for preliminary injunction in this case on August 12, 2011, requesting that this Court enjoin pending arbitrations filed against AT&T. Dkt. 1. On September 6, 2011, Deborah Schroeder and Astrid Mendoza filed a Petition to Enforce Arbitration Agreements in Case No. 11-4412. On September 8, 2011, the Court related Case No. 11-4412 to this case. Dkt. 15. On September 9, 2011, Defendants moved to Compel Arbitration in this case. Dkt. 16.

The parties' central disagreement in both actions is whether the arbitration demands brought by Schroeder and Mendoza, as well as Laura Barrett and Leslie Bernardi (hereinafter "customers") exceed the scope of the arbitration agreements each customer signed with AT&T. The customers' arbitration demands challenge the proposed merger between AT&T and T-Mobile under the Clayton Act, 15 U.S.C. §§ 18 and 26. Whether the claims in the arbitration exceed the scope of the arbitration agreements will be the focus of the Court's hearing between the parties already scheduled for Friday, October 14, 2011.

The Court hereby stays any and all pending arbitrations between AT&T Mobility and the customers, which also bars dismissal of such arbitrations, pending further order of this Court. The Court finds such relief warranted by the standard of <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). In particular, both the dismissal and prosecution of the arbitrations at issue, prior to a determination of the scope of the arbitration agreements by this Court, will cause both parties irreparable harm. Moreover, temporary maintenance of the status quo benefits the public interest given the broad national impact of the proposed merger between AT&T Mobility and T-Mobile, which the customers are challenging in their demands for arbitration.

AT&T Mobility must post a bond of $7000 by noon on Tuesday, September 13, 2011. The bond shall be filed with the Clerk's Office and be deposited into the registry of the Court. If said bond is not posted by the aforementioned date and time, this Order shall be dissolved.

**IT IS SO ORDERED.**


Dated: September 9, 2011

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California